NORMAN R. DABOLT, Respondent, v BETHLEHEM STEEL CORPORATION, Appellant.

Fourth Department, February 28, 1983

APPEARANCES OF COUNSEL

*Smith, Murphy & Schoepperle* (*Frank G. Godson* and *John J. Cotter, Jr.,* of counsel), for appellant.

*Paul William Beltz, P. C.* (*Robert B. Nichols* of counsel), for respondent.

OPINION OF THE COURT

DENMAN, J.

The question raised in this appeal is whether an employee of a contractor may seek redress under section 200, subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law against the owner of the real property on which he sustained serious physical injury during the course of his employment. For reasons stated herein we conclude that he may be able to recover under section 200 and subdivision 6 of section 241 but, in the factual context here, he does not have a cause of action under subdivision 1 of section 240.

Appellant Bethlehem Steel Corporation (Bethlehem) has a long-standing contract with Clarence A. Hackett, Inc. (Hackett), a company in the steel reclamation business. Hackett owns and operates a structure known as a "separator," which is 30 feet high and 200 feet long and is on the premises of the Bethlehem plant in Lackawanna. The separator operates by conveying slag up a long incline during the course of which pieces of slag containing reusable iron and steel are separated. It is to the mutual advantage of Bethlehem and Hackett that the separator be located on Bethlehem's realty so that the slag can be easily delivered to Hackett, processed, and the scrap returned to Bethlehem at agreed prices per ton. The separator was designed, fabricated and erected by Hackett and is operated and maintained exclusively by Hackett's employees.

Plaintiff, Norman R. DaBolt, an employee of Hackett, was repairing a conveyor belt on the separator. While making the repair, DaBolt and Wisor, a fellow employee, were positioned on the upper portion of the separator on opposite catwalks from which they were unable to view one another. Wisor was to signal Pollack in the control station when the repair had been made. He asked DaBolt if he were finished and, hearing the negative response incorrectly, gave Pollack the signal to start. A transfer table was prematurely put into motion, causing the steel frame to crush plaintiff's left hand.

In his action against Bethlehem, DaBolt has asserted three theories of recovery. He alleges violations of section 200, subdivision 1 of section 240 and subdivision 6 of section 241, claiming that Bethlehem was both negligent and strictly liable as owner of the premises for failure to provide safety devices, the absence of which was the proximate cause of his injury. Following extensive disclosure, Bethlehem moved for summary judgment, asserting that as a matter of law it cannot be held liable under those provisions of the Labor Law. Special Term denied the motion, finding the existence of factual issues with respect to the applicability of each section. We agree that defendant is not entitled to summary judgment because there are factual issues with respect to section 200 and subdivi-

sion 6 of section 241, but conclude that plaintiff has no cause of action under subdivision 1 of section 240.

### Section 200 of the Labor Law

Subdivision 1 of section 200 of the Labor Law is merely a codification of the common-law duty of owners and contractors to furnish a safe work place (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). It requires that the work site "be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein". In order for Bethlehem to be held liable for negligence under this section, it must first be determined that Bethlehem exercised supervision or control over the work performed by Hackett's employees (*Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585, 587), or that it had actual or constructive notice of the unsafe condition causing the accident (*Miller v Perillo,* 71 AD2d 389, 391, app dsmd 49 NY2d 1044; *Monroe v City of New York,* 67 AD2d 89, 96; *Kalofonos v State of New York,* 115 Misc 2d 692, 699).

DaBolt alleges that Bethlehem exercises substantial control over the details and manner in which work is performed under its contract with Hackett, and that it was negligent in failing to insist on higher safety standards on the separator plant. Pursuant to its contract with Hackett, Bethlehem has sole discretion as to the amount of slag and other materials to be delivered to the separator plant; the right to reject any unusable delivery; and the right to terminate the contract on 30 days' notice. More relevant here, however, is paragraph 16 of the contract which requires Hackett to conduct its operations in a safe manner and subjects Hackett's operations to the safety rules and regulations promulgated by Bethlehem.

While it is "well settled that the duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools and methods" (*Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145), where the owner has assumed control over the safety conditions affecting the contractor's employees, section 200 imposes a duty to protect the employee's health

and safety, and factual questions are raised regarding Bethlehem's breach thereof. Additionally, the duty of an owner to provide a safe place to work encompasses the duty to make reasonable inspections to detect unsafe conditions (see *Monroe v City of New York,* 67 AD2d 89, 96). Therefore the amount of control and supervision Bethlehem exercised over the separator, whether the absence of the safety devices cited by plaintiff was the proximate cause of his injury and whether the danger should have been apparent upon visual inspection are questions of fact bearing on Bethlehem's liability.

### *Subdivision 6 of Section 241 of the Labor Law*

Subdivision 6 of section 241 provides, in pertinent part: "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein."

This section has been held to impose a nondelegable duty under which "owners are responsible for a breach of the requirements of the statute irrespective of their control or supervision of the work site (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300)" (*La France v Niagara Mohawk Power Corp.,* 89 AD2d 757, 758). Bethlehem argues that this section is inapplicable since by its terms it applies only to "construction, excavation and demolition work", none of which were engaged in by plaintiff. However, subdivision 7 of section 241 empowers the Board of Standards and Appeals to "make rules to provide for the protection of workmen" in furtherance of the statutory purpose. Pursuant to this grant of authority, the board has adopted Industrial Code Rule No. 23 which defines "construction work" as "[a]ll work of the types performed in the construction, erection, alteration, *repair, maintenance,* painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [13]; emphasis supplied). Although Bethlehem argues that the board's definition is intended solely for regulatory purposes, it is clear that, unlike the first five subdivisions of section 241, implementation of subdivision 6 is left to the board (*Long v Forest-Fehlhaber,* 55 NY2d 154, 160). As the agency entrusted with implementation of the statute, the

board is empowered to issue rules and regulations so long as they are not in conflict with the statutory scheme (*Finger Lakes Racing Assn. v Western Regional Off-Track Betting Corp.,* 45 NY2d 471, 480). Hence, the definitions provided in the Industrial Code may be relied on to interpret the statutory language (see, e.g., *Rocha v State of New York,* 45 AD2d 633, 635). The fact that the board's definition gives a liberal interpretation to the term "construction" so as to encompass both maintenance and repair work is not at odds with the intent of the Legislature to protect workmen engaged in hazardous occupations and is in keeping with the liberal interpretation which has been afforded by the courts (*Bohnhoff v Fischer,* 210 NY 172; *Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585, 588, *supra; Tilkins v City of Niagara Falls,* 52 AD2d 306, 310; *Kalofonos v State of New York,* 115 Misc 2d 692, 697, *supra*).

*Subdivision 1 of Section 240 of the Labor Law*

Section 240 is directed to the safety of employees working on scaffolding and other elevated structures. It provides, in pertinent part: "1. All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, * * * for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Violation of this section imposes absolute liability on an owner or contractor regardless of the degree of its control over the work (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361; *Rea v Elia Bldg. Co.,* 79 AD2d 1102).

Bethlehem argues that this section is inapplicable to plaintiff's injury because it was designed solely to protect workers on scaffolds and other elevated structures from the danger of falling. Section 240 has historically been employed to protect workers at elevated heights from falls caused by defective safety equipment (see *Wingert v Krakauer,* 76 App Div 34) and all of the cases construing its provisions arise in that context (see, e.g., *Haimes v New*

*York Tel. Co.,* 46 NY2d 132, *supra; Sarnoff v Charles Schad, Inc.,* 22 NY2d 180; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361). In view of the fact that the section imposes a nondelegable duty on owners and contractors and mindful of the fact that such liability is generally imposed only to guard against inordinate dangers, we see no reason to strain the language of the statute so as to encompass the type of work being performed by plaintiff. "While section 240 is to be liberally construed, that does not mean that it should be implemented by decisional law so as to establish a cause of action and a right of recovery not contemplated by the Legislature" (*Deso v Albany Ladder Co.,* 26 AD2d 182, 185). We therefore hold that, inasmuch as plaintiff's injury did not result from a fall, subdivision 1 of section 240 is inapplicable to plaintiff's claim.

Accordingly, the order denying Bethlehem's motion should be affirmed.

DILLON, P. J., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order unanimously affirmed, without costs, in accordance with opinion by DENMAN, J.