■ JOSEPH DE CRISCI, Plaintiff, v P & C FOOD MARKETS, INC., Defendant. P & C FOOD MARKETS, INC., Appellant, v GEORGE A. NOLE & SON, INC., Respondent. — Order unanimously affirmed, with costs. Memorandum: Plaintiff, a laborer employed by third-party defendant George A. Nole & Son, Inc. (contractor), was injured when he fell from a scaffold while working at a building owned by defendant P & C Food Markets, Inc. (owner). Plaintiff commenced an action against the owner. In his complaint, plaintiff alleged that the owner (1) failed to provide a safety bar

on the scaffolding; failed to warn plaintiff of the dangerous condition, and (2) violated sections 200 and 240 of the Labor Law. The owner brought a third-party action against the contractor. The third-party complaint alleged that the contractor was negligent and in a second cause of action sought indemnification from the contractor pursuant to the terms of a hold harmless clause in the construction contract.

The owner moved before Special Term for summary judgment on its second cause of action, seeking to have the contractor hold it harmless and indemnify it against any judgment and costs arising out of the primary actions. The contractor opposed the motion on the ground that the contract provision in issue is against public policy and violative of section 5-322.1 of the General Obligations Law and that there are other issues of fact which preclude summary judgment relief. In denying summary judgment, Special Term concluded that "[i]ssues of both law and fact exist * * * [which] must be decided on the trial of the primary actions." The court found that the record herein "is substantially in line with the facts and the law set forth in *County of Onondaga v. Penetryn Systems, Inc.*, 84 AD2d 934".

Summary judgment was properly denied; however, the indemnification clause in the contract between the parties hereto is not similar to that in the *County of Onondaga* case. The clause at issue here merely requires the contractor to indemnify the owner and to hold the owner "harmless from any claim arising out of the Contractor's action in the execution of this Contract or failure to provide and maintain proper insurance protection required herein or to cause his Subcontractors, Suppliers, agent to comply with the provisions of this article." Since the clause merely seeks to impose upon the contractor the duty to hold the owner harmless from any claim arising out of the contractor's actions and not for any claims arising out of the sole negligence of the owner, the indemnification clause in this case does not violate section 5-322.1 of the General Obligations Law (see *Knaak v Kravetz*, 106 AD2d 876).

Generally a duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools and methods (*Persichilli v Triborough Bridge & Tunnel Auth.*, 16 NY2d 136, 145, mot for rearg den 16 NY2d 883; *Tilkins v City of Niagara Falls*, 52 AD2d 306, 308). Even if true that the contractor furnished the scaffolding on which plaintiff was working, the record reveals that the building owner employed a construction superintendent and therefore may have exercised some degree of supervisory control over the construction work and equipment. If the owner exercises

supervisory control over the safety of the equipment, or has actual or constructive notice of defects, he has a duty to protect the employees' health and safety. Failure to do so may result in liability under section 200 of the Labor Law (*Nagel v Metzger,* 103 AD2d 1; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, mot for lv to app and app dsmd 60 NY2d 701). Since section 5-322.1 of the General Obligations Law does not prohibit indemnification in cases of joint fault and there is possible liability on the owners' part under the Labor Law as alleged in the pleadings herein, there are triable issues of fact as to whether the owner breached its duty to protect the employees' safety and whether the accident was caused by the fault of one or both parties (*Nagel v Metzger, supra; County of Onondaga v Penetryn Systems, supra*). (Appeal from order of Supreme Court, Oneida County, Inglehart, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.