OPINION OF THE COURT
Kristin Booth Glen, J.
This is a motion by defendant and third-party plaintiff Morewood Realty Corp. (Morewood) for summary judgment against codefendants and third-party defendants based upon claims of contribution and indemnification. McCormack Sand Company (McCormack) cross-moves for summary judgment. The cross motion involves a question of first impression, namely, whether a license agreement, as opposed to a tradi *43 tional contracting agreement, comes within the scope of New York Labor Law §§ 240 and 241.
The facts underlying this personal injury action are as follows: plaintiff Donner, a welder-mechanic working for McCormack Sand Company was injured in a hoisting accident on January 26, 1981. The owner of the premises, Morewood, permitted Colonial Sand & Stone Co. (Colonial) to use the property pursuant to license agreement dated July 1956. On or about 1976, Colonial merged with Empire Sand & Stone Corp. (Empire). On or about March 7, 1976, the license agreement was assumed by the third-party defendant McCormack, Donner’s employer. Deposition testimony shows that the licensing agreement and assumption by McCormack remained in effect at the time of the accident and is in effect at the present. McCormack offers no proof to dispute these facts.
The original license agreement contains an indemnification provision which states in pertinent part: "The Licensee shall indemnify the Licensor against any expense, loss or liability paid, suffered or incurred as the result of any Breach by the licensee, its agents, servants or employees of any covenant or condition of this agreement, or as a result of the Licensee’s use of said property or the carelessness, negligence or improper conduct of the Licensee, its agents, servants or employees.” McCormack argues that this provision was part of the license agreement between Morewood and Colonial, and is not part of the agreement between Morewood and McCormack. McCormack urges the court to deny this motion on the grounds that the indemnification obligations remain with Colonial and may not have been assumed by McCormack.
This argument is without merit, since the original license agreement, by its own terms, mandates that any assignee shall "affirmatively assume all the covenants, terms and conditions of this license on the Licensee’s part to be performed”. Moreover, the assignment agreement between More-wood, Colonial and McCormack expressly states that McCormack will assume the rights and obligations of the underlying agreement.
There is no question that McCormack is obligated to indemnify Morewood. Further, there is no merit to the argument that only negligence, and not statutory violations are covered by the indemnification clause. The language is quite broad and covers any liability suffered as a result of the licensee’s use of property or as a result of failure to comply with any of the *44 terms of the agreement. According to the license agreement, McCormack is obligated to comply with all requirements of the law. The accident thus falls within the terms of the indemnification clause.
McCormack also cross-moves for summary judgment dismissing plaintiffs’ action against Morewood under the Labor Law. McCormack contends that Morewood as owner of the premises where Donner was injured cannot be held liable under Labor Law § 240, since Morewood did not have a contractual relationship to the work being performed, and thus had no right or ability to control or supervise that work. This court has found no case ruling directly on the question raised here: whether sections 240 and 241 of the Labor Law apply to licensing agreements.
The clear intent of Labor Law § 240 is to provide reasonable and adequate protection and safety for workers. There is nothing in the statute or the case law which suggests that sections 240 and 241 apply only to agreements specifically labeled "contracts”, and not to leases or licensing agreements. Such a hypertechnical interpretation serves no purpose and is contrary to the intent of the law. As stated in Katz v Press Mgt. Corp. (117 Misc 2d 870, 873 [Sup Ct, Broome County 1983]) "resort to the clear, broad language of the statute requires the conclusion that the phrase 'all’ owners includes the owners in fee even when the property is rented by another.” Similarly, the Fourth Department has held that the fact that an owner leased out the property in question does not alter the owner’s exposure to liability as fee owner of the property. (Nagel v Metzger, 103 AD2d 1, 7 [4th Dept 1984]; see also, Glielmi v Toys "R" Us, 94 AD2d 663 [1st Dept 1983].)
Here, the license agreement is essentially a kind of contract pursuant to which the licensee and its successor-in-interest, McCormack, "rents” the property in exchange for the right to mine, process, and transport sand and gravel and have the use of equipment, tools, appliances, etc. In return, McCormack pays Morewood for the excavated sand and for the use of the land at a predetermined rate. Morewood is an "owner” within the statute even though its agreement with McCormack is not technically labeled a "contract”.
Morewood is also an owner under the statute because contrary to McCormack’s conclusory assertion, it had and has *45 the right and ability to exercise control over the property and to insist on adherence to safety rules, regardless of whether it actually exercises that right. The law is clear that an owner’s liability under sections 240 and 241 of the Labor Law is independent of the owner’s actual control or supervision of the workplace. (Haimes v New York Tel. Co., 46 NY2d 132 [1978]; Nagel v Metzger, supra.) In Sweeting v Board of Coop. Educ. (83 AD2d 103, 113-114 [4th Dept 1981]), the court defined an owner for Labor Law purposes as the party with a property interest, who receives the benefit of work being done on the premises and who has the right to insist on adherence to safety rules. "It is the right to control the work that is significant, not the actual exercise or nonexercise of control” (at 114).
In this case, the original license agreement expressly and specifically reserves all rights of ownership, dominion and control of the property to Morewood. The agreement gives Morewood a right to do an annual aerial survey of the Morewood premises, and obligates the licensee, and the successor McCormack, to maintain records of all material excavated and to make the records available to Morewood. Morewood also has a limited right to object to McCormack’s proposed excavation plans. The agreement also mandates that all excavation and mining be done in a workmanlike manner. More-wood not only has the right to exercise control over the premises, but it seems that it exercises some degree of actual control as well. Morewood has a continuing, direct pecuniary interest in the work done by McCormack, and, in fact, the more McCormack excavates, the more money Morewood earns. These facts place Morewood squarely within the meaning of "owner” for purposes of sections 240 and 241 of the Labor Law.
The cases cited by McCormack are inapposite. Kemp v Lakelands Precast (55 NY2d 1032 [1982]) is distinguishable since it involved liability on a claim over. Unlike in this case, in Kemp there was no evidence of authority to exercise control. McCormack incorrectly cites Novell v Carney Elec. Constr. Corp. (123 Misc 2d 1089 [Sup Ct, NY County 1984]).
McCormack’s motion to dismiss plaintiffs’ action on the grounds that the facts of this case fall outside the scope of Labor Law § 200 et seq. is denied. As discussed in the memorandum decision on plaintiffs’ motion for summary judgment *46 previously filed, even though the cherry picker used in this lifting operation, the hook, and the chain may not have been inherently defective, the law is violated if an employee is directed to use the wrong tool for the job or if the tool is operated in an unsafe manner. (Novell v Carney Elec. Constr. Corp., supra.)