■ KATHLEEN TIBBETTS et al., Plaintiffs, v I.B.M. CORP., Also Known as INTERNATIONAL BUSINESS MACHINES CORP., Defen-

dant and Third-Party Plaintiff-Respondent. COVERTEMP, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant Covertemp, Inc. appeals from an order of the Supreme Court, Westchester County (Miller, J.), entered March 3, 1989, which denied its cross motion for summary judgment and granted the third-party plaintiff I.B.M. Corp. summary judgment on the third-party complaint.

Ordered that the order is affirmed, with costs.

On May 10, 1984, the plaintiff Kathleen Tibbetts (hereinafter Tibbetts), allegedly tripped and fell on the carpeting at an office maintained and operated by the defendant third-party plaintiff I.B.M. Corp. (hereinafter IBM), thereby sustaining personal injury. Tibbetts worked for IBM pursuant to IBM's contract with the third-party defendant Covertemp, Inc. (hereinafter Covertemp), an employment agency. That contract required Covertemp to "furnish office help and like services to IBM". Tibbetts and her husband sued IBM for damages resulting from her injury. IBM impleaded Covertemp, urging that it was entitled to indemnification from Covertemp pursuant to the parties' service agreement. By an order entered March 3, 1989, which granted IBM summary judgment on the third-party complaint, the Supreme Court accepted the contention of IBM.

The subject agreement provided, in pertinent part, that "[t]he Contractor agrees to indemnify and save IBM harmless from and against any and all claims (including costs of litigation and attorney's fees) for personal injury or death to persons or damage to property arising out of or in connection with or resulting from operations under the Contract, whether caused in part by IBM or the Contractor or any sub-contractor or by anyone directly or indirectly employed by them". It further provided that "Contractor shall at his sole cost and expense procure and keep in full force and effect during the term of the Contract at least the following kinds of insurance covering his operation in the State in which the work is to be performed. Such insurance [including Workers' Compensation and Employer's Liability] shall be subject to IBM's approval for adequacy of protection".

Covertemp's assertion that it was not obligated to indemnify IBM pursuant to the agreement is without merit. "With respect to indemnification issues, the general rule of law is that 'the law frowns upon contracts intended to exculpate a party from the consequences of his own negligence and

though, with certain exceptions, they are enforceable, such agreements are subject to close judicial scrutiny' *(Gross v Sweet,* 49 NY2d 102, 106; *see also, Van Dyke Prods. v Eastman Kodak Co.,* 12 NY2d 301, 304). This general rule is liberalized where the agreements are negotiated at arm's length between sophisticated business entities, with the probable intent of allocating the risk of liability to third parties *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153). In those cases 'the law * * * will recognize an agreement to relieve one party from the consequences of his negligence on the strength of a broadly worded clause framed in less precise language than would normally be required, though even then it must evince the "unmistakable intent of the parties" ' *(Gross v Sweet, supra,* at 108, quoting *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450, 456)" *(Ebbecke v Bay View Envtl. Servs.,* 145 AD2d 524, 525-526). In the case at bar, the parties evinced the "unmistakable intent" that Covertemp was to obtain insurance for the benefit and protection of IBM *(see, Ebbecke v Bay View Envtl. Servs., supra,* at 526). Moreover, since Tibbetts was part of the "office help" to be provided to IBM pursuant to the agreement, her activities in furtherance of IBM's interests clearly were connected to and arose from the underlying service agreement and thereby required Covertemp to indemnify IBM for her injury.

We have considered Covertemp's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.