■ RICHARD A. SCHLUETER, Appellant-Respondent, v HEALTH CARE PLAN, INC., et al., Respondents-Appellants and Third-Party Plaintiffs. INTERIOR SPECIALTIES, INC., Third-Party Defendant-Respondent.—Order modified on the law and as modified affirmed without costs, in accordance with the follow-

ing memorandum: Plaintiff, Richard Schlueter, suffered a back injury while standing on an aluminum stepladder attempting to install drywall over an interior doorway on a construction project. He commenced this action against defendants, the owner and general contractor of the project, based upon alleged violations of Labor Law §§ 200, 240 (1) and 241 (6). Supreme Court dismissed plaintiff's complaint in its entirety, along with a third-party action commenced by defendants against plaintiff's employer, a drywalling subcontractor.

Plaintiff's claim alleging a violation of Labor Law § 240 (1) was properly dismissed because the manner in which plaintiff was injured does not meet the "falling worker or object test" adhered to by this court (see, Pietsch v Moog, Inc., 156 AD2d 1019, 1020; Staples v Town of Amherst, 146 AD2d 292, 294).

Supreme Court erred, however, by dismissing plaintiff's claim brought pursuant to Labor Law § 241 (6). This section imposes a nondelegable duty upon owners and contractors for breach of the requirements therein, irrespective of their control or supervision of the work site (DaBolt v Bethlehem Steel Corp., 92 AD2d 70, appeal dismissed 60 NY2d 701). Here, questions of fact exist concerning whether the work area was arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein (Labor Law § 241 [6]). Defendants had a duty not only to protect plaintiff against unsafe equipment and lack of safety devices, but also against unsafe construction procedures (see, Mascellino v Buffalo Gen. Hosp., 123 AD2d 507), and defendants failed to establish as a matter of law that they discharged this duty.

Supreme Court also erroneously dismissed plaintiff's claim based upon Labor Law § 200. Defendants failed to demonstrate, as a matter of law, that they did not exercise supervisory control over the work or that they did not have actual or constructive notice of an unsafe condition (see, Mascellino v Buffalo Gen. Hosp., supra; Nagel v Metzger, 103 AD2d 1, 8-9; DaBolt v Bethlehem Steel Corp., supra, at 72). Consequently, plaintiff's claims based upon Labor Law §§ 241 (6) and 200 should be reinstated, along with the third-party actions.

All concur, except Lawton, J., who dissents, in part, and votes to affirm, in the following memorandum.

Lawton, J. (dissenting). I dissent in part. Although I agree with the majority's conclusion that Supreme Court properly dismissed plaintiff's violation of Labor Law § 240 (1) claim, I cannot agree with their conclusion that Supreme Court erred

in dismissing plaintiff's Labor Law §§ 200 and 241 (6) claims. Defendants, through testimony elicited at examinations before trial, established that they neither controlled plaintiff's work nor were they aware of any dangerous working conditions. Because plaintiff, in response to defendants' showing, did not submit evidence that defendants failed to provide reasonable and adequate protection and safety at the work site (see, Bland v Manocherian, 66 NY2d 452, 460), summary judgment was properly granted on plaintiff's Labor Law § 241 (6) claim.

Supreme Court also properly dismissed plaintiff's Labor Law § 200 claim. Labor Law § 200 is a codification of the common-law duty of owners and contractors to provide a safe work place (see, DaBolt v Bethlehem Steel Corp., 92 AD2d 70, 72, lv dismissed 60 NY2d 554). This duty, however, is generally not breached when the injury arises out of a defect in the subcontractor's own plant, tools or equipment, unless the owner or contractor supervised or controlled the work or had actual or constructive knowledge of the defect (see, Nagel v Metzger, 103 AD2d 1, 8-9). Plaintiff testified at his examination before trial that he brought the ladder from another job site to complete work at the Health Care job and that it previously had not been used at that construction site. These facts establish that defendants had no actual or constructive notice of the use of this allegedly inappropriate ladder. Further, plaintiff's complaint does not allege that defendants supervised or controlled the work. Because the accident arose from plaintiff's use of the subcontractor's tools and equipment, rather than tools and equipment owned by the owner or general contractor, and there is no evidence that defendants supervised or controlled the work or had actual or constructive notice of an unsafe condition, I would affirm the order of Supreme Court (see, Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136, 145-147). (Appeals from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.