■ JOYCE SCHUMACHER et al., Respondents-Appellants, v LUTHERAN COMMUNITY SERVICES, INC., Respondent, and MOUNT TREMPER LUTHERAN CAMP, INC., Appellant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendant Mount Tremper Lutheran Camp, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Delaney, J.), dated June 14, 1989, which, *inter alia,* granted the motion of the defendant Lutheran Community Services, Inc., for summary judgment on its cross claims against Mount Tremper Lutheran Camp, Inc., on the basis of contractual indemnification, and (2) a judgment of the same court entered February 20, 1990, directing Mount Tremper Lutheran Camp, Inc., to indemnify Lutheran Community Services, Inc., and the plaintiffs cross-appeal, on the ground of inadequacy, from so much of the judgment as, after a nonjury trial, is in their favor and against the defendants in the sum of $137,414.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant Lutheran Community Services., Inc., is awarded one bill of costs payable by the plaintiffs and

the defendant Mount Tremper Lutheran Camp, Inc., appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff Joyce Schumacher sustained personal injuries when she fell through a step in a cabin located on premises leased by the defendant Mount Tremper Lutheran Camp, Inc. (hereinafter the Camp) from the defendant Lutheran Community Services, Inc. (hereinafter Lutheran). The lease included a covenant whereby the Camp promised to indemnify and hold harmless Lutheran for "any and all claims" for loss or damages. The covenant further required the Camp to obtain insurance coverage in specific amounts and to name Lutheran as the coinsured. The Camp obtained the insurance, but failed to name Lutheran on the policy.

After the plaintiffs commenced the instant action, Lutheran moved for summary judgment on its cross claim against the Camp for indemnification. The Supreme Court granted Lutheran's motion and this appeal ensued.

On appeal, the Camp claims that the indemnification clause is violative of General Obligations Law § 5-321. We disagree. This section provides that an agreement to exempt a lessor from liability for its own negligence is void as against public policy. However, where, as here, sophisticated parties have negotiated at arm's length, an indemnification clause is enforceable against the parties to the agreement, because they have allocated the risk of liability to third parties by requiring one party to obtain insurance for their mutual benefit (see, Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153; see also, Tibbetts v I.B.M. Corp., 161 AD2d 581, 583; Jensen v Chevron Corp., 160 AD2d 767, 768). Our review of the record and the agreement indicates that it was the " 'unmistakable intent of the parties' " (Hogeland v Sibley, Lindsay & Curr Co., supra, at 159) for the Camp to indemnify Lutheran. Finally, because the Camp breached its agreement to obtain liability insurance covering Lutheran, it is liable to indemnify Lutheran for any payments made by the latter to the plaintiffs (see, Kinney v Lisk Co., 76 NY2d 215, 219).

Further, we see no basis to increase the damages awarded to the plaintiff Joyce Schumacher for her pain and suffering

in connection with her injury to her left elbow. Based on the medical testimony indicating that the injured plaintiff has normal motion and no apparent swelling in her left arm, we cannot say that the verdict was so inadequate as to have deviated materially from what would be reasonable compensation (see, CPLR 5501). The plaintiffs' other contention is without merit. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.