■ PHILIP BLOOMFIELD, Respondent, v GENERAL ELECTRIC COMPANY, Appellant. [603 NYS2d 606] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered

November 9, 1992 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

In the course of his employment with A.C.& S., plaintiff was engaged in the removal of asbestos from buildings at a complex owned by defendant in the Town of Waterford, Saratoga County. While en route from the A.C.& S. office trailer to the building in which he was to work, plaintiff was injured when the pickup truck in which he was riding stopped suddenly, allegedly due to a malfunction in the braking mechanism. Plaintiff thereafter brought this personal injury suit against defendant, charging the latter with negligence and Labor Law violations. After issue was joined, defendant moved for summary judgment; Supreme Court denied the motion, finding questions of fact with regard to whether plaintiff was injured at the "work site" and whether defendant asserted sufficient control over the transportation of workers within the complex to give rise to a duty to assure that such transportation was carried out with reasonable care. Defendant appeals.

The facts are essentially undisputed. The truck in which plaintiff was riding was owned and operated by A.C.& S.; the roadway, which was within the complex, was owned by defendant. Plaintiff avers, albeit by means of hearsay, that defendant did not permit workers to travel freely within the complex in their own vehicles, instead imposing the procedure followed by A.C.& S., in which the workers left their personal vehicles at their employer's office trailer, gathered up their materials and tools for the day's work and were then transported to the actual building or work area in the employer's vehicle. On the morning of the accident, there were three workers in the cab of the A.C.& S. truck and 12 workers, including plaintiff, standing in the bed of the truck, along with their tools and materials. When the truck stopped suddenly the other workers fell forward, striking plaintiff and causing his injuries. Plaintiff maintains that the accident was caused by the improper loading or overloading of the truck bed, the lack of seats, platforms or restraints therein, and improper inspection or maintenance of the truck's braking system.

Whether Labor Law § 200 or common-law negligence is being invoked, it is well established that absent actual or constructive notice of an unsafe condition, an owner of a worksite who exerts no control over the safety of the mechanism or process involved is not responsible for accidents

caused by a contractor's defective equipment or methods *(see, Lombardi v Stout,* 80 NY2d 290, 295; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 641-642). Defendant's requirement that workers be transported in their employers' vehicles does not, without more, establish that defendant had actual or constructive notice of defects in either the truck or the method A.C.& S. used to do the work that it was directed to perform. Significantly, the record does not indicate that defendant had assumed any responsibility for overseeing the transportation activity *(compare, Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 80; *De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030). Inasmuch as plaintiff's complaint, as amplified by the bill of particulars, alleges no defect or unsafe condition in the roadway, nor in any property or process controlled by defendant, summary judgment should have been granted dismissing those of plaintiff's claims that undertake to charge defendant with negligence and violation of Labor Law § 200.

Turning to the claimed violation of Labor Law § 240 (1) and § 241 (6), we note that these statutes impose nondelegable duties upon owners and contractors, irrespective of either their control or knowledge of a defect *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502; *Lombardi v Stout, supra,* at 295; *Nagel v Metzger,* 103 AD2d 1, 6). Defendant's contrary view notwithstanding, the proximity of the accident site to the actual work being performed is not dispositive where, as here, defendant clearly had the ability to control the contractors' activities on its property—noteworthy in this respect is defendant's purported rule regarding transportation within its complex—and the activity in which plaintiff was engaged when he was injured was in connection with and incidental to the construction work he was hired to perform *(see, Sergio v Benjolo N.V.,* 168 AD2d 235, 236; *Brogan v International Bus. Machs. Corp., supra,* at 79).

Although it is uncontroverted that no safety devices were provided to protect plaintiff against the hazards associated with riding in an elevated truck bed, Labor Law § 240 cannot be invoked for the injuries said to be suffered by plaintiff were not the consequence of "the application of the force of gravity to an object or person" *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501 [emphasis omitted]). Plaintiff was thrown sideways and was struck by objects—in this case other workers—who were also moving laterally, as a result of the forward momentum of the truck and the force of inertia, when the vehicle was suddenly stopped. Admittedly, the truck bed was elevated above the ground; this elevation, however, had noth-

ing to do with plaintiff's injuries, and thus there is no basis for a claim under Labor Law § 240 (1) *(see, Bonaparte v Niagara Mohawk Power Corp.,* 188 AD2d 853, *appeal dismissed* 81 NY2d 1067). To the extent that the case of *Brogan v International Bus. Machs. Corp. (supra)* implies otherwise, it must be considered to be of little precedential value in view of the clear language in *Ross v Curtis-Palmer Hydro-Elec. Co. (supra)* and *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514).

As for the claim made pursuant to Labor Law § 241 (6), by setting forth facts sufficient to demonstrate a violation of specific regulations adopted pursuant thereto *(see, e.g.,* 12 NYCRR 23-9.7 [which includes concrete specifications for brake maintenance, loading and seating in motor trucks]; *see also, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505), plaintiff has raised a question of fact with respect to whether defendant breached the duty imposed by that section. Therefore, summary judgment was not appropriate with regard to this claim.

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion with respect to plaintiff's causes of action alleging common-law negligence and breach of the duty imposed by Labor Law §§ 200 and 240 (1); motion granted to that extent, partial summary judgment awarded to defendant and said causes of action are dismissed; and, as so modified, affirmed.