(May 16, 1994)

■ AMERICAN HOME ASSURANCE COMPANY et al., Respondents, v MAINCO CONTRACTOR CORP., Appellant. [611 NYS2d 305] —In an action, inter alia, for a judgment declaring that the defendant has a duty to indemnify the plaintiffs in a personal injury action entitled Alladina v American Home Assur. Co., that was pending in the Supreme Court, Queens County, index number 5280/90, the defendant appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated June 8, 1992, which granted the plaintiff's motion for summary judgment and declared that the defendant is obligated to indemnify the plaintiffs.

Ordered that the order is reversed, on the law, with costs to the defendant, and the plaintiff's motion for summary judgment is denied.

We find that the Supreme Court improperly found that the defendant, Mainco Contractor Corp. (hereinafter Mainco), is liable to the plaintiffs for indemnification. A fair interpretation of the underlying complaint is that it alleges that the present plaintiffs are independently liable for their failure to respond to Leila Alladina's calls for assistance while trapped in an elevator in a building operated and managed by the plaintiff AIG Realty, Inc. (hereinafter AIG Realty), and owned by the plaintiff insurance companies. The underlying complaint also alleges that Mainco was negligent in failing to inspect and maintain the elevator. The maintenance contract between the AIG Realty and Mainco provides that Mainco indemnify the present plaintiffs for all liability arising out of the maintenance contract. Since there are allegations of some negligence on the plaintiffs' part, independent of Mainco's

alleged negligence under the maintenance contract, the award of summary judgment to the plaintiff was improper *(see, Mas v Two Bridges Assocs.,* 75 NY2d 680).

In addition, although paragraph 21.1 of the parties' contract required Mainco to maintain, *inter alia,* liability insurance, it did not provide that the plaintiffs be named as insureds or as additional insureds, or that the policy be subject to the plaintiffs' approval regarding the adequacy of its protection *(cf., Kinney v Lisk Co.,* 76 NY2d 215; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568; *Tibbetts v I.B.M. Corp.,* 161 AD2d 581). Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.