(May 19, 1994)

■ Jose Abreu et al., Plaintiffs, v Vardo Construction Corp., Respondent, and Leo Greisman, Appellant. (And a Third-Party Action.) [611 NYS2d 201] —Order, Supreme Court, New York County (Irma V. Santaella, J.), entered on or about October 22, 1992, which, *inter alia,* denied appellant's motion for summary judgment on his cross-claims against respondent, unanimously modified, on the law and the facts to the extent of granting appellant summary judgment on his contractual indemnification cross-claim, and in all other respects affirmed without costs.

Appellant Greisman was a principal of 119 Bowery Associates and an owner of the premises at that address. He entered into contracts with respondent Vardo Construction Corp. (Vardo) and separately with other contractors, including S.P.G. Plumbing & Heating (S.P.G.), to renovate those premises. Plaintiff Jose Abreu was injured while in the employ of S.P.G. and performing work which was the subject of S.P.G.'s contract with Greisman. The Abreus brought an action against Greisman and against Vardo. Vardo brought a third-party action against S.P.G.

While the main action was pending, Greisman moved for summary judgment against Vardo, basing his motion on two cross-claims, that Vardo had breached its contractual duty to provide a comprehensive general liability insurance policy for the benefit of Greisman, and that Vardo breached its contract to indemnify and hold him harmless. The Supreme Court denied Greisman's motion for summary judgment.

Plaintiffs settled their claims against Vardo, Greisman, and S.P.G. for $585,000. Greisman, however, did not agree to a settlement of his dispute with Vardo. Nevertheless, the Supreme Court properly denied summary judgment with respect to Vardo's failure to provide insurance coverage, Greisman's cross-claims having failed to assert any claims in connection with such failure. Under section 11.2.1 of Greisman's contract with Vardo, however, Vardo undertook to indemnify and hold Greisman harmless in the broadest terms against losses arising out of or resulting from the performance of the work. As in *Schumacher v Lutheran Community Servs.* (177 AD2d 568),

this is an instance of two sophisticated parties who have negotiated at arm's length so that their intent is unmistakable that one should indemnify the other *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149).

There is no allegation that Greisman was himself negligent, and the question has been raised whether the indemnification provision contemplates damages arising from the negligent acts or omissions of S.P.G., which was appointed by Greisman. The indemnification provision, section 11.2.1 of the contract between Greisman and Vardo, however, encompasses not only losses caused by the contractor or a sub-contractor but losses caused by "anyone directly or indirectly employed by them or anyone for whose acts they may be liable" regardless of whether the loss is caused by an indemnified party. The intent of the parties that the contractual indemnification agreement should be the broadest coverage cannot be gainsaid. Concur— Murphy, P. J., Carro, Ellerin and Nardelli, JJ.