■ JULIAN GLOVER, Plaintiff, v CITY OF NEW YORK, Defendant, BETTY RUST BAKERY, Appellant, and 1389 CONSTRUCTION

CORP., Respondent. [626 NYS2d 122] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered May 13, 1994, which granted a motion by defendant 1389 Construction Corp. for summary judgment against co-defendant Better Crust Bakery sued herein as Betty Rust Bakery, on indemnification liability, reversed, on the law, and the motion is denied, without costs.

In this sidewalk slip-and-fall personal injury case, plaintiff brought his action against the City, the owner of the abutting building, and the ground floor tenant bakery, alleging a single cause of action for negligence against all three.

Our sole concern on this appeal is the cross claim for full indemnification by the landlord against the tenant based upon paragraph 27 of the lease, by which the tenant holds the landlord harmless from any damage "due or claimed to be due" to the tenant's negligence. The effect of this lease provision, according to the IAS Court, was that the landlord should be immunized by the tenant for liability arising out of any claim of the latter's negligence, "whether or not such negligence is ultimately determined." This conclusion failed to take adequate note of the alternative allegation, in paragraph 32 of the complaint, that the accident was caused by the landlord's negligence. Here, where there is yet no discovered evidence as to the cause of the accident, such questions of fact should preclude summary disposition on the cross claim *(see, Warren v Wilmorite Inc.,* 211 AD2d 904, 905-906).

There is no merit to the landlord's contention that the lease provision obligated the tenant to indemnify the landlord for the latter's own negligence. The language of the provision falls far short of that construction. And in any event, any expanded reading of that kind would run afoul of the prohibition in General Obligations Law § 5-321 *(see, Chemical Bank v 635 Park Ave. Corp.,* 155 Misc 2d 433). A landlord and its tenant are certainly free to negotiate at arm's length for allocation of the risk of liability to third parties, by one's procurement of liability insurance for their mutual benefit *(Morel v City of New York,* 192 AD2d 428, 429). But to the extent that such a broad indemnification for the fault of another can ever be effective, the language expressing such intent must be "unmistakable" *(cf., Abreu v Vardo Constr. Corp.,* 204 AD2d 178, 179; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568). That is clearly not the case here. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I

would affirm for the reasons stated by Justice Fern Fisher-Brandveen. The fall was on a public sidewalk in front of the tenant's premises. There is no indicated reason for the landlord, other than status, to be liable. Accordingly, there is no public policy to prevent the indemnification.