■ WAIDE BELILE, Respondent, v CAE-LINK CORPORATION, Appellant and Third-Party Plaintiff-Respondent-Appellant. TAP, INC., Third-Party Defendant-Appellant-Respondent. [665 NYS2d 484] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced these consolidated actions to recover for injuries he sustained in a work-related accident. Defendant third-party plaintiff, CAE-Link Corporation (CAE-Link), brought a third-party action against plaintiff's employer, Tap, Inc. (Tap), alleging that Tap breached its contractual obligation to procure liability insurance for CAE-Link and seeking judgment declaring that Tap is required to defend and indemnify CAE-Link in the main action. CAE-Link moved for summary judgment dismissing the complaint in the main action and granting the relief sought in the third-party action.

Because triable issues of fact exist with respect to the extent of supervision and control exercised by CAE-Link at the work site, Supreme Court properly denied the motion insofar as it sought dismissal of the Labor Law § 200 cause of action (*see, Miller v Wilmorite, Inc.*, 231 AD2d 843; *Schlueter v Health Care Plan*, 168 AD2d 985, 986; *De Crisci v P & C Food Mkts.*, 107 AD2d 1029, 1030-1031) and a conditional judgment for common-law indemnification against Tap (*see, Murphy v Islat Assocs. Graft Hat Mfg. Co.*, 237 AD2d 166). The court also properly denied the motion insofar as it sought a conditional judgment for contractual indemnification because there are triable issues of fact whether Tap assented to the terms of the purchase order containing the agreement to indemnify CAE-Link. That purchase order also contains the alleged agreement by Tap to procure liability insurance for CAE-Link.

Because there are triable issues of fact whether the purchase order was a part of the agreement between the parties, the court erred in determining that Tap breached its obligation to

procure liability insurance for CAE-Link and declaring that Tap is obligated to provide a defense to CAE-Link in the main action. We further conclude that, even if Tap had assented to the terms contained in the purchase order, those terms are ambiguous with respect to Tap's obligation to procure liability insurance for CAE-Link (*see, American Home Assur. Co. v Mainco Contr. Corp.,* 204 AD2d 500, 501; *Gaston v Great Neck Union Free School Dist.,* 204 AD2d 683, 683-684). (Appeals from Order of Supreme Court, Onondaga County, Tormey, J.— Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.