Mahon v David Ellis Real Estate, L.P. (2018 NY Slip Op 07261)





Mahon v David Ellis Real Estate, L.P.


2018 NY Slip Op 07261


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7480 150366/11

[*1]Yvette Mahon, Plaintiff,
v
David Ellis Real Estate, L.P., et al., Defendants.
David Ellis Real Estate, L.P., Third-Party Plaintiff-Respondent,
v
B.R. Guest, LLC, et al., Third-Party Defendants, USC Operating Company, LLC doing business as Union Square Café, Third-Party Defendant-Appellant. 
[And a Second Third-Party Action]


Pillinger Miller Tarallo, LLP, Elmsford (Daniel Owen Dietchweiler of counsel) for appellant.
PGG Law Firm - The Peisner Group, New York (Kathi Peisner of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 10, 2017, which, insofar appealed from as limited by the briefs, denied third-party defendant USC Operating Company, LLC d/b/a Union Square Café's (USC) motion to dismiss the third-party claim for contractual indemnification, unanimously affirmed, without costs.
The indemnification clause in the contract between David Ellis Real Estate, L.P. (Ellis), the owner of the building outside which plaintiff fell, and its tenant, USC, does not violate General Obligations Law § 5—321 because it does not purport to indemnify David Ellis from liability for its own negligence (see Glover v City of New York , 215 AD2d 146 [1st Dept 1995]). However, while section 7-210 of the Administrative Code places the obligation upon Ellis as landowner to keep the sidewalk in good repair, the lease agreement broadly states that USC would indemnify Ellis for all personal injury claims arising from an accident that occurred on the [*2]sidewalks adjoining its demised premises. Accordingly, the record before us precludes a determination, as a matter of law, as to whether USC will be required to indemnify Ellis for the subject personal injury claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK