■ JUNE E. ANGIE, as Executrix of JAMES T. ANGIE, Deceased, Appellant, v JOHNS MANVILLE CORPORATION et al., Respondents. (Appeal No. 1.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Memorandum: The plaintiffs commenced these actions for personal injuries and wrongful death caused by the inhalation of asbestos particles. The complaint sets forth causes of action for negligence and strict products liability against the defendants, suppliers of insulation materials containing asbestos. Plaintiffs moved to amend their complaints to add causes of action for fraud and conspiracy and Special Term denied the motion. We reverse. The proposed amended complaints contain, among other things, allegations of specific tortious conduct including false representations in advertising, concealment and suppression of information pertaining to the hazardous consequences of using asbestos products, editing out or altering industry supported research studies as to exclude references to asbestos-caused diseases and preventing publica-

tion to the public and release to the scientific community of medical research data and findings produced from defendants' research projects. It is claimed that as a result of defendants' intentional misrepresentations and other tortious acts plaintiffs were induced to purchase and to continue to use defendants' products. Under the cause of action in the proposed pleadings, if proven, plaintiffs' injuries would be caused by the misrepresentations and fraudulent concealment of information which resulted in their not terminating the purchase and use of the product or taking other steps which might have prevented the harmful consequences of continued use. The separate cause of action based on such continued purchase and use of the product resulting from the misrepresentations and fraudulent concealment is distinct from the conduct of defendants in manufacturing and marketing the product which forms the basis of the causes of action in negligence and products liability (see *Simcuski v Saeli,* 44 NY2d 442, 452; see, also, *Calabrese v Bickley,* 1 AD2d 874). We cannot accept the dissenter's view that we are bound under the strict rule enunciated in *Brick v Cohn-Hall-Marx Co.* (276 NY 259) and *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287) to hold that the intentional fraud alleged is merely another aspect of the negligence or products liability causes of action. In our opinion, the rule of *Brick* and *Schmidt* has been relaxed by the holding in *Simcuski v Saeli* (*supra*) that a cause of action for intentional fraud is made out in a complaint which alleges that a physician, knowing of his malpractice and of the injury caused to the patient thereby, intentionally made material misrepresentations concerning the malpractice to the patient who justifiably relied thereon to her detriment. Our application of the less rigid *Simcuski* rule in this case is consistent with a number of judicial decisions and legislative enactments designed to relieve to some degree the harshness of New York's general rule that a personal injury claim accrues at the time the injury or invasion of the body occurs, not at the time the injury was or could reasonably have been discovered (see, e.g., CPLR 214-a, reflecting holdings in *Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, and *Borgia v City of New York,* 12 NY2d 151; CPLR 214-b, and accompanying legislative finding that: "An exception to the general period of limitation rule is required when the pathological effect of an injury occurs without perceptible trauma, and the victim is blamelessly ignorant of the cause of the injury" [L 1981, ch 266, § 1]; *Matter of Smalls v New York City Health & Hosps. Corp.,* 55 AD2d 537; *Murphy v St. Charles Hosp.,* 35 AD2d 64; *Reyes v Anka Research,* 111 Misc 2d 152; Siegel, NY Prac, §§ 40, 42; McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, C214:6, p 137; 33 Syr L Rev 31, 32-34; cf. *O'Stricker v Walter Corp.,* __ Ohio St 3d __). We are unpersuaded by the argument that allowing these plaintiffs to amend their complaints will lead to a proliferation of claims. "It suffices that if a cognizable wrong has been committed that there must be a remedy, whatever the burden of the courts" (*Tobin v Grossman,* 24 NY2d 609, 615). In the light of the rules that leave to amend should be freely given (CPLR 3025, subd [b]) and that pleadings should be liberally construed (CPLR 3026; see *Dunn v City of Syracuse,* 83 AD2d 783), the amended complaints should be allowed. All concur, except Boomer, J., who dissents and votes to affirm in the following memorandum.

Boomer, J. (dissenting). I would affirm. The fraud alleged in the proposed amended complaints is not extraneous to the original causes of action and does not change the nature of the actions from that of negligence and strict products liability (*Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264; cf. *Simcuski v Saeli,* 44 NY2d 442). The allegations of fraud are indistinguishable from those made in the case of *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287) where it

held that the gist of the alleged wrong was an injury resulting from negligence. The case of *Simcuski v Saeli* (44 NY2d 442, *supra*) does not require a contrary result. There, the fraud was extraneous to the cause of action for malpractice. The act of malpractice, consisting of negligent performance of surgery, had already been committed when the defendant falsely advised the plaintiff that her postoperative problems were transient and would disappear if she continued the physiotherapy treatments he had prescribed. The plaintiff alleged that due to the defendant's false and fraudulent statements, she sustained damage since she was prevented from obtaining a cure for the injuries she sustained during the operation. There, the false statements were not part of the cause of action for malpractice committed during the operation and the injuries were discrete. The Court of Appeals was careful to point out that, in the fraud action, damages could not be recovered for injuries sustained as a result of the malpractice, but that damages could be recovered only if a cure had been available to the plaintiff and the defendant's fraud deprived her of that cure. Here, the marketing of the defendants' products with representations that they were safe is intrinsic to causes of action for negligence, warranty and strict products liability and the injuries alleged by plaintiffs are recoverable in such causes of action. The allegations of conspiracy to defraud are not actionable apart from the fraud (20 NY Jur 2d, Conspiracy — Civil Aspects, § 13); hence, these allegations, also, do not change the nature of the original causes of action. (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.