held that the gist of the alleged wrong was an injury resulting from negligence. The case of *Simcuski v Saeli* (44 NY2d 442, *supra*) does not require a contrary result. There, the fraud was extraneous to the cause of action for malpractice. The act of malpractice, consisting of negligent performance of surgery, had already been committed when the defendant falsely advised the plaintiff that her postoperative problems were transient and would disappear if she continued the physiotherapy treatments he had prescribed. The plaintiff alleged that due to the defendant's false and fraudulent statements, she sustained damage since she was prevented from obtaining a cure for the injuries she sustained during the operation. There, the false statements were not part of the cause of action for malpractice committed during the operation and the injuries were discrete. The Court of Appeals was careful to point out that, in the fraud action, damages could not be recovered for injuries sustained as a result of the malpractice, but that damages could be recovered only if a cure had been available to the plaintiff and the defendant's fraud deprived her of that cure. Here, the marketing of the defendants' products with representations that they were safe is intrinsic to causes of action for negligence, warranty and strict products liability and the injuries alleged by plaintiffs are recoverable in such causes of action. The allegations of conspiracy to defraud are not actionable apart from the fraud (20 NY Jur 2d, Conspiracy — Civil Aspects, § 13); hence, these allegations, also, do not change the nature of the original causes of action. (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ Elizabeth Marzolf et al., Appellants, v Johns Manville Corporation et al., Respondents. (Appeal No. 2.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ Nelson D. Kelly, Appellant, v Johns Manville Corporation et al., Respondents. (Appeal No. 3.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ Marie Kieser, as Administratrix of the Estate of Norbert Kieser, Deceased, Appellant, 'v Johns Manville Corporation et al., Respondents. (Appeal No. 4.) — Order reversed, without costs, and motion granted, Moule, J., not participating. Same memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939). Concur — Hancock, Jr., J. P., Callahan and Doerr, JJ.

Boomer, J., dissents and votes to affirm, in the same dissenting memorandum as in *Angie v Johns Manville Corp.* (Appeal No. 1) (94 AD2d 939, 940). (Appeal from order of Supreme Court, Erie County, Green, J. — amended complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.