■ ELAINE CATHERWOOD et al., Appellants, v AMERICAN STERILIZER Co. et al., Respondents.—Order insofar as appealed from modified on the law and as modified affirmed without costs, in accordance with memorandum. All concur, Boomer and Green, JJ., on the constraint of *Angie v Johns Manville Corp.* (94 AD2d 939). Memorandum: Plaintiffs commenced this action seeking damages for personal injuries they suffered as a result of prolonged exposure to ethylene oxide while they were employed by Extracorporeal Medical Specialties, Inc. (Extracorporeal). Defendants include manufacturers and suppliers of ethylene oxide as well as manufacturers and suppliers of various pieces of equipment used in a sterilization process that utilized the chemical. Plaintiffs also alleged a cause of action in negligence against Johnson & Johnson, Extracorporeal's parent corporation, for failure to provide them with a safe place to work. Johnson & Johnson moved to dismiss the complaint against it, claiming that only an employer owes a duty to provide a safe workplace. Special Term agreed and dismissed plaintiffs' negligence claims against Johnson & Johnson. We affirm. Although both owners and employers owe a duty to provide a safe workplace *(see,* Labor Law § 200; *Copp v Corning Glass Works,* 114 AD2d 144, 147), and an owner will be liable for injuries to an employee if the owner had control over the safety of the work site or had actual or constructive notice of the dangerous condition and failed to take corrective action *(De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030-1031), plaintiffs have not alleged that Johnson & Johnson was

the owner of the premises. Even giving plaintiffs the benefit of every favorable inference that can be drawn from both the pleadings and affidavits *(Rovello v Orofino Realty Co.,* 40 NY2d 633), as we must on this motion to dismiss for failure to state a cause of action *(Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462), we find that plaintiffs' proposed amended complaint, which alleges that Johnson & Johnson purchased all of the stock of Extracorporeal, does not sufficiently allege that Johnson & Johnson owned the premises.

Special Term properly dismissed plaintiffs' strict liability claims against Johnson & Johnson and properly denied plaintiffs' motion to amend the complaint to allege that Johnson & Johnson was a manufacturer, distributor or supplier of ethylene oxide. There is no evidence that Johnson & Johnson ever supplied or manufactured ethylene oxide, so such an amendment would be patently devoid of merit *(see, Taylor v Taylor,* 84 AD2d 947).

Finally, Special Term erred by dismissing plaintiffs' amended cause of action in fraud against the defendants alleged to be manufacturers, distributors or suppliers of ethylene oxide. Plaintiffs' amended cause of action alleges that defendants' intentional misrepresentations and fraudulent concealment of information induced plaintiffs to continue to use defendants' product and to forebear from terminating their use of the product. This cause of action is distinct from the conduct of defendants in manufacturing and marketing the chemical which forms the basis of the causes of action in negligence and products liability *(Angie v Johns Manville Corp.,* 94 AD2d 939, *supra).* (Appeal from order of Supreme Court, Erie County, Mintz, J.—dismiss complaint.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ. *[See,* 130 Misc 2d 872.]