■ EDWARD W. SHAFFER et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff was injured as he attempted to guide a pick or scaffolding bridge into place. At the time, plaintiff, secured by a safety belt, was standing on a scaffold approximately 14 feet above the ground. The pick was being lowered by means of a rope and makeshift pulley which was controlled by a fellow worker. When the pick reached a point approximately three feet above plaintiff's head, its speed of descent increased. Plaintiff grabbed the pick and attempted to position it. As he did so, he twisted his back.

Special Term denied plaintiff's motion for summary judgment under subdivision (1) of section 240 of the Labor Law on the ground that "a clear question of fact exists as to whether [the procedure used for lowering the pick] should have been used under the circumstances". From our view of the record, we find that subdivision (1) of section 240 of the Labor Law is inapplicable because the plaintiff has failed to satisfy the "falling worker or objects" test expressed in *Staples v Town of Amherst* (146 AD2d 292). Under the circumstances, Special Term's order is modified and summary judgment is granted in favor of defendants dismissing plaintiff's cause of action under subdivision (1) of section 240 of the Labor Law.

All concur, except Dillon, P. J., and Pine, J., who dissent and vote to affirm in the following memorandum.

Dillon, P. J., and Pine, J. (dissenting). We respectfully dissent and, in doing so, we note that the majority's recitation of facts is consistent with plaintiff's allegations and averments. The majority erroneously concludes that Labor Law § 240 (1) is inapplicable to those facts. In reaching that conclusion, the majority misapplies the "falling worker or objects" test *(see, Staples v Town of Amherst,* 146 AD2d 292). While that test is "a useful tool in segregating those claims that are appropriate for summary disposition and imposition of absolute liability from those that are not" *(Staples v Town of Amherst, supra,* at 300), it should not be employed here to defeat plaintiff's claim.

Initially, we reject the majority's determination that the inadequately controlled descent of a scaffolding bridge weighing as much as 400 pounds is not, as a matter of law, a falling object. Beyond that, however, it was not our intention in *Staples (supra)* to rewrite the statute to condition an owner's nondelegable duty and consequent liability, in all cases, upon an element or factor which the Legislature chose not to include in its language. Indeed, we specifically noted in *Staples* that the "falling worker or objects" test is properly employed "to dismiss claims which * * * the Legislature could not have intended to come within the coverage of the statute" *(Staples v Town of Amherst, supra,* at 300).

We have also stated that Labor Law § 240 (1) "means what it says" *(Heath v Soloff Constr.,* 107 AD2d 507, 512), and its plain language demonstrates its applicability to this case. The statute imposes a nondelegable duty upon contractors, owners and their agents to "furnish or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give

proper protection to a [worker]". Here, when plaintiff was allegedly injured, he was located on an elevated worksite. He alleges that his injuries were sustained as the result of the improper use and negligent operation of a makeshift hoist/pulley apparatus which failed to provide a controlled descent of a 24-foot-long scaffolding bridge. On those allegations we conclude that plaintiff's cause of action, if proved, falls within the purview of the statute.

We agree with Supreme Court, however, that questions of fact exist whether the statute was violated and, if so, whether such violation was the proximate cause of plaintiff's injuries *(cf., Heath v Soloff Constr., supra,* at 511-512). Accordingly, we would affirm. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—summary judgment.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.