■ DANNY VINCENT et al., Appellants, v DRESSER INDUSTRIES, Respondent and Third-Party Plaintiff. COLLIER MACHINE SERVICE, INC., Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff Danny Vincent sustained personal injuries when he fell from a truck onto which he was attempting to load connecting rods removed from an air compressor located at defendant's plant. The compressor had been damaged in an explosion several months earlier and plaintiff's employer had been hired by defendant to inspect the compressor and estimate the cost to repair it. This task required the removal of some of the components of the compressor to plaintiff's employer's premises for inspection.

The connecting rods weighed between 300 and 500 pounds. Plaintiff's employer testified that he owned no lifting equipment, so employees of defendant had agreed to assist plaintiff by providing him with a forklift if one were available. On the date of plaintiff's accident, plaintiff's employer told his employees to wait for defendant to furnish a forklift to move the connecting rods onto a truck for transport. After plaintiff's employer left the site and because no forklift truck was forthcoming, plaintiff and fellow workers decided to load the rods manually onto the truck. While plaintiff was dragging a rod onto the truck, his foot slipped, he fell from the truck, and the rod fell onto his left leg.

Plaintiff's complaint against defendant alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiff's wife asserted a derivative cause of action. Defendant moved for summary judgment and Supreme Court granted the motion. We affirm.

Section 200 of the Labor Law requires owners to provide a safe work place for all persons employed on the premises. While an owner will not usually be held liable for injuries to employees of a subcontractor caused by the negligence of the subcontractor, liability may result if the owner exercises supervision or control over the subcontractor's employees or if the owner has actual or constructive knowledge of a dangerous condition *(see, Catherwood v American Sterilizer Co.,* 132 AD2d 938; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554). Although plaintiff admitted at an EBT that he did not take direction from defendant, he argued

that defendant's agreeing to provide a forklift raised a factual question concerning whether defendant had assumed a duty of control. We disagree. An owner does not assume control of the work merely by agreeing to loan a contractor a piece of equipment *(see, McAdam v Sadler,* 170 AD2d 960).

Plaintiff further argues that defendant knew that plaintiff required a forklift and, therefore, defendant had knowledge of a dangerous condition. However, defendant had no notice that plaintiff would disregard the specific instructions of his employer to wait for a forklift and attempt to load the heavy rods manually.

We conclude that plaintiff's claim pursuant to Labor Law § 240 (1) was properly dismissed because plaintiff was not performing one of the enumerated activities when he was injured. Plaintiff's claim pursuant to Labor Law § 241 (6) was likewise properly dismissed because the activity which produced plaintiff's injury did not occur during the construction, demolition, or excavation of a building or structure *(see, Malczewski v Cannon Design,* 125 AD2d 941, 942). (Appeal from Order of Supreme Court, Erie County, Ostrowski, J.— Summary Judgment.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.