■ DARLENE B. RUIZ, as Administratrix of the Estate of MARCIANO RUIZ, JR., Deceased, Appellant, v 8600 ROLL ROAD, INC., et al., Defendants, and PHOENIX BUILDING DEVELOPMENT CORP. et al., Respondents. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent, an employee of third-party defendant William Kugler & Bros., Inc. (Kugler), was killed when a steel beam being hoisted by a crane from a pile of debris slipped, striking

decedent in the head. Because the fatal injuries plaintiff's decedent sustained were not the result of a fall from an elevated work site or from an object falling from an elevated work surface, Supreme Court properly granted summary judgment dismissing plaintiff's claims based upon a violation of Labor Law § 240 (1) *(see, Desjardins v Auburn Steel Co.,* 185 AD2d 627; *Root v County of Onondaga,* 174 AD2d 1014, *lv denied* 78 NY2d 858; *Nagel v Metzger,* 103 AD2d 1).

Supreme Court did not err in dismissing those causes of action alleging a violation of Labor Law § 200 and common-law negligence against defendants Phoenix Development Corp. (Phoenix) and Dolomite Construction Co., Inc. (Dolomite), the alleged owners and developers of the premises. The proof is uncontroverted that neither Phoenix nor Dolomite exercised supervision or control over the work being performed by Kugler's employees *(see, Vincent v Dresser Indus.,* 172 AD2d 1033, *lv denied* 78 NY2d 864; *Catherwood v American Sterilizer Co.,* 132 AD2d 938). Thus, the court properly dismissed those claims.

It was error, however, for the court to grant summary judgment dismissing plaintiff's claims alleging violations of section 241 (6). Viewing the record in the light most favorable to plaintiff *(Monroe Dewey Partners v MDR Dev.,* 159 AD2d 948; *Goldstein v County of Monroe,* 77 AD2d 232, 236), we conclude that factual issues are presented that preclude entry of summary judgment on those claims. Section 241 (6) imposes a non-delegable duty on "[a]ll contractors and owners and their agents" to make reasonably safe "[a]ll areas in which construction, excavation or demolition work is being performed" (Labor Law § 241 [6]; *see also, Mosher v State of New York,* 80 NY2d 286; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300-301). According to the Industrial Code, "demolition work" is defined to include "work incidental to or associated with the total or partial dismantling or razing of a building or other structure" (12 NYCRR 23-1.4 [b] [16]; *see, Lozo v Crown Zellerbach Corp.,* 142 AD2d 949). Thus, whether plaintiff's decedent was engaged in a protected activity is dependent upon whether the debris being removed from the premises was "incidental to or associated with" demolition work that occurred on the site. Because the record is insufficient to permit the issue to be determined as a matter of law, its resolution must await the trial of this action. Although it is uncontroverted from this record that Phoenix owned the premises, we nonetheless find that an issue of fact is also presented concerning whether Dolomite was the agent of

Phoenix for purposes of contracting with Kugler. Thus, we modify the orders to reinstate plaintiff's Labor Law § 241 (6) claims. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.