■ SAMUEL V. CARNICELLI et al., Appellants-Respondents, v MILLER BREWING COMPANY, Doing Business as CENTRAL NEW YORK BOTTLE COMPANY, Respondent-Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. [594 NYS2d 925] — Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff Samuel V. Carnicelli, an employee of the Chapman Corporation (Chapman), was injured while working on the demolition and reconstruction of the bottle furnace at defendant Miller Brewing Company's (Miller) bottling plant in Auburn. At the time of his injury, plaintiff was using a gas torch to cut reinforcing rod in the concrete floor on the second level of Miller's facility. During the course of the demolition, open areas of the floor were exposed to the first level of the facility 17 feet below. Plaintiff was injured when he turned from the area where he was working to change the gas tank on his torch, backed up and fell "up to [his] crotch" in an unguarded hole in the floor approximately two feet in diameter.

Following joinder of issue, Miller moved for partial summary judgment dismissing plaintiff's cause of action predicated on common-law negligence and a violation of Labor Law § 200. Plaintiffs cross-moved for summary judgment on the liability aspect of the Labor Law § 240 (1) cause of action and Chapman cross-moved for summary judgment seeking its dismissal. Plaintiffs appeal from an order of Supreme Court which granted Miller's cross motion for summary judgment dismissing plaintiff's section 240 (1) cause of action; Miller cross-appeals from the order insofar as it denied its motion to dismiss plaintiff's causes of action alleging common-law negligence and violation of Labor Law § 200.

In our view, a question of fact exists whether the demolition work being performed by plaintiff in proximity to an open hole in the second floor of Miller's bottling plant "entailed an elevation-related risk which called for any of the protective devices of the type listed in section 240 (1)" *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 515; *see also, Groves v Land's End Hous. Co.,* 80 NY2d 978). Supreme Court erred by granting summary judgment dismissing plaintiff's cause of action based upon a violation of Labor Law § 240 (1). Supreme Court properly denied Miller's motion for summary judgment dismissing plaintiff's causes of action alleging common-law negligence and violation of Labor Law § 200 because factual issues are presented concerning whether Miller had actual or constructive notice of the dangerous condition *(see, Vincent v Dresser Indus.,* 172 AD2d 1033, *lv denied* 78 NY2d 864). Thus, we modify the order by reinstating plaintiff's cause of action under section 240 (1). (Appeals from Order of Supreme Court, Seneca County, Falvey, J.—Summary Judgment.) Present— Denman, P. J., Green, Balio, Fallon and Boehm, JJ.