OPINION OF THE COURT
Andrew V. Siracuse, J.
Plaintiff Dana Soles was employed by third-party defendant Christa Construction, Inc., in erecting a building at Kodak Park in Rochester. On July 20, 1990, his supervisor, Michael Ricotta, told him to carry a 600-pound door frame to the sixth floor of the building. Soles arranged for the use of a crane already at the building site but was instructed to carry the frame up the building staircase instead. With the aid of various other workers he brought the frame close to the sixth floor. After some eight hours of strenuous labor. Soles was maneuvering the frame around a staircase corner near the sixth floor. Two workers were supporting the frame from below and Soles was above. He began to lose control of the frame and, to prevent it falling on the workers below, he reached out for it. He succeeded in stopping the threatened descent but injured his back. Alleging permanent disability, he sued site owner Eastman Kodak Company under Labor Law § 240 (1); § 241 (6) and § 200.
The defendant has now moved for summary judgment dismissing the plaintiffs’ claims. Third-party defendant Christa Construction has not appeared in this motion, which is ripe for summary judgment; the sole issues arise from the applica *408 tian of the Labor Law to facts which are not substantially in dispute.
While earlier cases would have left the plaintiffs with some causes of action, recent decisions from the Fourth Department and the Court of Appeals compel this court to grant the defendant’s motion.
LABOR LAW §240(1)
Plaintiffs claim that the accident was caused by a fall — a gravity-related hazard, which, they urge, meets the test set out in Fourth Department cases and the Court of Appeals decisions in Rocovich v Consolidated Edison Co. (78 NY2d 509) and Ross v Curtis-Palmer Hydro-Elec. Co. (81 NY2d 494).
The plaintiffs’ case might colorably be fit into the words of the statute, because use of one of the safety devices mentioned therein — a hoist or pulley, for example — might have obviated the danger which resulted in the accident. Such a reading was rejected by the Fourth Department, however, over a dissent from two Justices, in Shaffer v Niagara Mohawk Power Corp. (167 AD2d 824), where a worker threw his back out steadying a scaffold bridge being suspended from a patently inadequate substitute for a block and tackle. The majority of the Court relied on the limited categories of Staples v Town of Amherst (146 AD2d 292); Labor Law § 240 (1) protects construction workers who are injured in a fall from an elevated worksite or who are struck by an object falling from such a site. Plaintiff Soles was neither.
In any event, the mere association of an accident with the force of gravity does not bring it within the scope of Labor Law § 240 (1). Virtually all construction dangers depend to some degree on gravity, and courts have rejected claims arising when a tag line tightened around a worker’s hand— likely gravity-related (Oakes v Niagara Mohawk Power Corp., 176 AD2d 1240) — and when a beam being hoisted from a pile of debris slipped and struck a worker in the head (Ruiz v 8600 Roll Rd., 190 AD2d 1030). Dana Soles was neither struck nor fell; the circumstances of this case are closest to those in Shaffer (supra), except that instead of an inadequate block and tackle there was none. This is an immaterial difference, and the plaintiffs’ claim must be dismissed.
The plaintiffs also point to a recent Fourth Department case, Carnicelli v Miller Brewing Co. (191 AD2d 980), arguing that there exists a question of fact as to the applicability of *409 Labor Law § 240 (1). This court cannot agree, and indeed finds itself perplexed by the Carnicelli decision. A review of the record in that case shows that there was no dispute as to the facts. The legal significance of settled facts is a question for a court, not a jury, and whether or not a given fact pattern gives rise to section 240 (1) liability has always — properly— been determined by the court. This court cannot conclude that the Fourth Department intended to submit such questions of law to the finders of fact, and declines to apply such a rule in this case.
LABOR LAW § 241 (6)
Under earlier Labor Law jurisprudence the plaintiffs’ claim under Labor Law § 241 (6) would have survived this motion. Since Ross v Curtis-Palmer (supra), however, it has been necessary under section 241 (6) for plaintiffs to establish that a construction accident was proximately caused by a violation of one or more of the "concrete specifications” (81 NY2d, at 505) of the Industrial Code. These specifications are, in fact, so specific that they afford this particular plaintiff no protection whatsoever.
The first sections cited — 12 NYCRR 23-1.2, 23-1.3, 23-1.5 and 23-1.7 — are general in nature and do not support an action under Labor Law § 241 (6); they outline a general duty of care, breach of which may well be negligence — but simple negligence no longer gives rise to a section 241 (6) action. The remaining sections relied upon by plaintiffs — 12 NYCRR 23-6.1, 23-6.2 and 23-6.3 — deal with material hoists and are not applicable; the block and tackle that was used at or after the time of the accident was not a "material hoist” (although plaintiffs refer to it as such). A material hoist is a mechanical device, not a simple block and tackle.* Even if the block and tackle were to be considered a material hoist, it was not in use at the time of the accident; furthermore, the accident was not caused by the failure of the block and tackle to meet the concrete specifications set out in those sections. In short, the Code would protect the worker only if he or she was injured by the failure of the hoist to meet the Code’s standards — not because the contractor declined to use a hoist (see generally, Comes v New York State Elec. & Gas Corp., 82 NY2d 876).
*410 LABOR LAW § 200 (1)
Defendants correctly argue that owners’ liability under Labor Law § 200 (1) is predicated upon both notice, actual or constructive, and some showing of supervisory authority or control (see, e.g., Comes v New York State Elec. & Gas Corp., supra; any suggestion that notice alone might suffice, as was found in Nagel v Metzger, 103 AD2d 1, has now been conclusively rejected). Plaintiffs fail to provide any evidence in admissible form of either, merely speculation that Kodak safety inspectors must have seen Soles at work at some point during the day of the accident. There are at least two difficulties with this argument. First, there is no evidence that a Kodak employee was observing the site on the day in question. Second, even if the length of time spent raising the door could be considered sufficient to give rise to constructive notice of the process, mere notice of the process would not necessarily constitute notice of the dangers involved. Moreover, the record does not show that Kodak would have had the authority to order the use of a crane; such micromanagement of the site is contrary to the contract, supplied in part by defendant, and to the EBT testimony of Kodak safety coordinator James Koch that he had no authority over the equipment used by the contractors. Thus, plaintiffs have shown neither notice nor control, and have raised no factual issues regarding either. Their claim under Labor Law § 200 (1) must de dismissed.
Summary judgment is granted to the defendants, and the complaint dismissed with costs. The court sua sponte orders the discontinuance of the third-party action.

 In fact, 12 NYCRR 23-6.3 sets standards for a platform hoist, essentially an elevator for materials, and obviously has no application to the facts at hand.