■ ANGELO CASALE, Respondent-Appellant, v WASHINGTON MILLS ELECTRO MINERAL CORP., Appellant-Respondent and Third-Party Plaintiff-Respondent. FALLS STEEL ERECTORS, INC., et al., Third-Party Defendants-Appellants-Respondents. [628 NYS2d 905] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a laborer employed by third-party defendant Monteleone and Marchetti (M&M), injured his back while removing pieces of metal alloy residue, known as skull, from an industrial furnace owned by defendant, Washington Mills Electro Mineral Corp. (Washington Mills). Plaintiff was throwing a large piece of skull out of the furnace when a co-worker walked in front of him causing him to draw back and slip. Plaintiff commenced this action against Washington Mills alleging in his complaint, as amplified by his bill of particulars, violations of Labor Law § 200 (1) and § 241 (6) in one cause of action and negligence in a second. Washington Mills impleaded third-party defendant Falls Steel Erectors, Inc. (Falls Steel), the general contractor, and M&M. Falls Steel and M&M cross-claimed against each other and Washington Mills and thereafter moved for summary judgment dismissing the complaint (see, CPLR 1008), third-party complaint and cross claims. In response, plaintiff moved for permission to serve an amended bill of particulars alleging a violation of 12 NYCRR 23-3.3 (e).

Supreme Court granted the motions of Falls Steel and M&M for summary judgment dismissing the Labor Law § 200 (1) claim and negligence cause of action only insofar as they allege that Washington Mills was negligent in its supervision and control of the work performed by M&M. The court should have dismissed in their entirety the section 200 (1) claim and the negligence cause of action.

Plaintiff concedes that the court erred in refusing to dismiss the section 200 (1) claim and negligence cause of action in reliance on *Nagel v Metzger* (103 AD2d 1, 9), which imposed section 200 liability based upon an owner's notice of the unsafe manner in which the work was being performed. As plaintiff correctly notes, such liability was rejected by the Court of Appeals in *Comes v New York State Elec. & Gas Corp.* (82 NY2d 876, 877-878). Plaintiff argues, however, that the court erred in concluding that Washington Mills exercised no supervision and control over M&M's work.

We disagree and conclude that the court properly granted summary judgment dismissing the Labor Law § 200 (1) claim to the extent that plaintiff alleged that Washington Mills negligently supervised and controlled M&M's work. A property

owner who exercises no supervisory control over the work is not liable under the common law or Labor Law § 200 (1) if an alleged defect or dangerous condition in the workplace arises from the methods of the injured worker's employer *(Lombardi v Stout,* 80 NY2d 290, 295). Third-party defendants presented proof in admissible form establishing that M&M made the decision to use three laborers to remove the skull. In response, plaintiff failed to come forward with evidentiary proof in admissible form that Washington Mills, rather than M&M, made that decision *(see, Comes v New York State Elec. & Gas Corp., supra,* at 877; *Lombardi v Stout, supra,* at 295; *Hunter v BTC Block 17/18,* 210 AD2d 968). The negligence cause of action must also be dismissed *(see, Lombardi v Stout, supra,* at 295).

Plaintiff further argues that the removal of skull constitutes demolition work within the meaning of Labor Law § 241 (6). We disagree and conclude that the court properly denied the motion of plaintiff to amend his bill of particulars and dismissed the Labor Law § 241 (6) claim *(see, Vincent v Dresser Indus.,* 172 AD2d 1033, 1034, *lv denied* 78 NY2d 864). As a matter of law, removing skull from the industrial furnace is not "demolition work" (12 NYCRR 23-1.4 [b] [16]; *cf., Ruiz v 8600 Roll Rd.,* 190 AD2d 1030, 1031).

Thus, we modify the order on appeal by granting the motions of M&M and Falls Steel for summary judgment dismissing in their entirety the complaint, third-party complaint and cross claims. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Labor Law.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.