■ JOHN VORNFETT et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [656 NYS2d 14] —Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 27, 1995, which denied defendant's motion pursuant to CPLR 3212 to dismiss the complaint, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, without costs, and the motion granted to the extent of dismissing so much of the first cause of action as is predicated on a violation of Labor Law § 240 (1).

Plaintiff injured his back while helping to remove a steel beam, which was suspended some $3\frac{1}{2}$ to 4 feet off the ground. It is alleged that the injury occurred when the other end of the beam, weighing about 400 pounds, was allowed to drop to the ground as workers removed the bolts securing it.

It is settled that the hazards sought to be protected against by Labor Law § 240 (1) "are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Subsequently, the Court of Appeals noted that the particular perils contemplated by the ruling in *Rocovich (supra)*, "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity. Rather the 'special hazards' referred to are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).

This matter is indistinguishable from *Rodriguez v Teitz Ctr. for Nursing Care* (84 NY2d 841), in which the plaintiff sustained injury when he was struck in the knee by a 120 pound steel beam, which was part of a hoist, while he and two coworkers attempted to place the beam onto the ground from a

height seven inches above the plaintiff's head. Similarly, the risks to which plaintiff herein was subjected were not the special hazards associated with elevation encompassed by Labor Law § 240 (1) but "the usual and ordinary dangers of a construction site" (*Rodriguez v Teitz Ctr. for Nursing Care, supra*, at 843). Concur—Murphy, P. J., Sullivan, Rubin and Tom, JJ. [As amended by order entered June 10, 1997.]