■ JOAQUIM MELO et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. (And a Third-Party

Action.) [668 NYS2d 190] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about May 28, 1997, which granted defendant's cross motion for summary judgment dismissing the cause of action under Labor Law § 240 (1), affirmed, without costs.

The relevant facts are undisputed. Plaintiff was injured at a construction site by the fall of a steel plate. A co-employee had attached, by hook and chain, the steel plate to the shovel part of a backhoe, which was then hoisted, ready to be lowered over a trench to allow passage over the trench. As it was hoisted to a vertical position at street level, the plate became disengaged and fell onto plaintiff's shoulder and foot, causing injuries. The motion court, finding that Labor Law § 240 (1) did not apply when the plaintiff as well as the object that caused the injury both stood on the ground, dismissed that cause of action. We agree with that disposition.

Labor Law § 240 (1) imposes strict liability on owners and contractors for the performance of construction-related work for accidents arising from the absence of or defects in, *inter alia*, hoists, slings, hangers, ropes and other devices that are necessary to protect the worker. Case law directs that, despite the absolute liability standard and the liberal interpretation that the statute is to be accorded, the statute addresses only risks related to elevation differentials. Injuries resulting from other types of hazards do not fall under the statute even if proximately caused by the absence of or defect in a safety device (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Although the statute was intended to protect a worker against gravity-related risks arising from the work being performed, not every gravity-related hazard falls within the scope of the statute (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491). Rather, the statute addresses only "exceptionally dangerous conditions posed by elevation differentials" (*supra*, at 491), when the work site itself is elevated or is positioned below the area where materials or load are hoisted or secured (*Rocovich v Consolidated Edison Co., supra*, at 514). The statute does not impose liability even if the injury is caused by an inadequate or malfunctioning hoist or other enumerated safety device, absent elevation differentials (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).

" '[O]rdinary and usual' peril[s]", such as when an unbraced concrete fire wall collapses at ground level onto plaintiff (*Misseritti v Mark IV Constr. Co., supra*, at 489), or when a steel beam, being lowered, without hoists, from a position seven inches above plaintiff's head to the ground, slips and falls on

his knee (*Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841), do not trigger Labor Law § 240 (1).

In connection with the dismantlement of a scaffold, when a piece of 4 by 8 foot plywood slipped from a load of plywood being lowered toward plaintiff from the 16-foot-high scaffold, we found such activity, in which material fell from an elevated work site, to be clearly within the statute (*Sheridan v Beaver Tower*, 229 AD2d 302, *lv dismissed* 89 NY2d 860). By contrast, when the plaintiff was injured by a falling concrete form anchored at ground level and estimated to be from 12 feet to 20 feet high, that activity was not within the statute; the object was at the same level as the work site and hence within the meaning of the statute (*Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950). Even when the object did fall from a height, about three feet from a forklift onto plaintiff's foot (*Malecki v Wal-Mart Stores*, 222 AD2d 1010) or when a steel beam being hoisted by a crane from a pile of debris slipped, causing fatal injuries (*Ruiz v 8600 Roll Rd.*, 190 AD2d 1030), the insignificance of the elevation differentials meant that the object had been positioned at the same level as the work site so that there was no fall from an elevated work site. The present facts comport with those cases in which the Labor Law § 240 (1) claims were dismissed.

The dissent finds liability triggered by the presence of an improperly fastened hoist, a safety device enumerated in the statute. Nevertheless, it is the elevation differential, rather than the mere fact of an absent, or a defectively secured, safety device upon which courts have grounded liability (*see, e.g., Rodriguez v Tietz Ctr. for Nursing Care, supra*). The dissent suggests that we misapply the statute by ignoring its application in regard to "the relative elevation" at which a load must be positioned or secured. To the contrary, we rely on the very necessity for an elevation differential. We are governed by the requirement that the object, *in toto*, fall from a higher elevation level, rather than merely fall as a consequence of gravity. Here, as previously stated, one end of the vertically positioned steel plate was resting on the ground when it toppled over, striking plaintiff's foot. Concur—Wallach, J. P., Williams, Tom and Andrias, JJ.

Rubin, J., dissents in a memorandum as follows: Plaintiff was injured when a heavy steel construction plate, suspended from a backhoe in preparation for placing it over an excavation, fell onto his foot, striking his shoulder on the way down. A witness described the attachment of the plate to the machine by means of a chain with a hook at each end. The chain was

looped around the arm of the bucket and one hook (the "choke" hook) placed over the chain to form a noose. The second hook was placed through a hole in the steel plate. While it is unclear whether or not the plate was raised above ground level, it was elevated in a vertical position, perpendicular to the ground, when the witness noticed that "the chain hook was out of the chain", allowing the plate to fall over. The only question to be decided is whether this accident comes within the ambit of Labor Law § 240 (1).

The statute provides that a contractor or owner shall supply "scaffolding, *hoists*, stays, ladders, *slings*, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, *placed* and *operated* as to give proper protection to a person so employed" (Labor Law § 240 [1] [emphasis supplied]). It is not disputed that the statute is applicable to the type of work in which plaintiff was engaged, only whether the work constitutes one of the "elevation-related hazards" against which the statute protects (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500).

The basic rule is stated in *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514): "The various tasks in which these devices are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the *relative elevation at which the task must be performed or at which materials or loads must be positioned or secured.* The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and *the higher level of the materials or load being hoisted or secured.*" (Emphasis supplied.)

It is anomalous to conclude that plaintiff's injury did not come about as the result of an "elevation-related accident that section 240 (1) is intended to guard against" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491). The backhoe was being used as and in place of a hoist, a device to which the statute is expressly applicable. The chain and choke hook assembly comprise an improvised sling, another protective device within the purview of the statute. The load was positioned so that the end of the plate that struck plaintiff's foot was elevated above ground level, and there can be no dispute that the action of gravity upon the steel plate caused it to strike plaintiff. It is apparent that the accident occurred because the use of the backhoe and chain was inadequate to afford "proper protection" to plaintiff (Labor Law § 240 [1]).

As the majority points out, Labor Law § 240 (1) does not encompass all construction accidents that result from the effects of gravity (*Misseritti v Mark IV Constr. Co., supra* [collapse of concrete-block fire wall]; *Rocovich v Consolidated Edison Co., supra* [worker slipped and fell at ground level]; *Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950 [collapse of concrete form]; *Vornfett v Port Auth. of N. Y. & N. J.*, 238 AD2d 134 [back injury sustained while standing on ground, holding steel beam at shoulder level]; *Malecki v Wal-Mart Stores*, 222 AD2d 1010 [steel load slid off forklift onto plaintiff's foot]), nor all accidents that involve the use of a hoist (*Rodriguez v Teitz Ctr. for Nursing Care*, 84 NY2d 841 [injury caused by steel beam falling from hoist workers were dismantling]). However, where (1) the task involves the use of a hoist to move materials, or the defendant failed to supply a hoist where appropriate to the task (*e.g., Sheridan v Beaver Tower*, 229 AD2d 302, *lv dismissed* 89 NY2d 860 [worker injured by plywood panel being lowered from sidewalk bridge]), and (2) injury results because of falling material (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501), the hazard is one against which the statute is designed to protect.

None of the cases relied upon by the majority involve this combination of circumstances. In *Ruiz v 8600 Roll Rd.* (190 AD2d 1030 [beam being hoisted by crane slipped and struck plaintiff]), there is no indication that the hoist was defective in any respect. Similarly, nothing in the memorandum decision of *Malecki v Wal-Mart Stores (supra)* suggests that the Court regarded the forklift to be either defective or to have been improperly used in place of a hoist to move the particular load.

What seems to elude the majority is that the hazard against which Labor Law § 240 (1) was designed to afford protection is *either* one posed by an elevated work surface *or* the relative elevation at which a load "must be positioned or secured" (*Rocovich v Consolidated Edison Co., supra*, at 514). It is beyond cavil that plaintiff was "struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501). The steel plate was clearly not securely affixed to the backhoe, and the end of the steel plate that struck plaintiff was elevated, by means of the improvised hoist, above the level of his foot, which was crushed when it fell. In the words of the Court of Appeals, "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*supra*, at 501 [emphasis in original]).

Accordingly, the order of the Supreme Court dismissing plaintiffs' cause of action under Labor Law § 240 (1) should be reversed and the cause of action reinstated.