■ JOSEPH GONZALEZ et al., Respondents, v MARINE MIDLAND BANK, INC., Doing Business as MARINE MIDLAND BANK, N. A., et al., Appellants. JOHN W. DANFORTH COMPANY, Third-Party Plaintiff, v ENGELHAUPT CO., INC., Third-Party Defendant-Appellant. MARINE MIDLAND BANK, INC., Doing Business as MARINE MIDLAND BANK, N. A., Third-Party Plaintiff, v ENGELHAUPT CO., INC., Third-Party Defendant-Appellant. [689 NYS2d 881] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in grant-

ing plaintiffs' motion to renew although plaintiffs offered no explanation for their failure to submit certain documents at the time of the original motions and cross motion (*see, Lesanti v Harmac Indus.*, 175 AD2d 664). Upon renewal, the court properly concluded that a factual issue exists whether plaintiff Joseph Gonzalez, who was dismantling air conditioning ductwork in the computer room of a bank, was engaged in demolition work, as that term is defined in 12 NYCRR 23-1.4 (b) (16) (*cf., Casale v Washington Mills Electro Min. Corp.*, 216 AD2d 881, 882). Plaintiffs allege that defendants violated 12 NYCRR 23-3.3 (e), which is sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see generally, Jackson v Williamsville Cent. School Dist.*, 229 AD2d 985, 986). Consequently, those portions of the motions and cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action were properly denied upon renewal. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.