| |
|---|
| **Rivera v Site 2 DSA Owner, LLC** |
| 2024 NY Slip Op 31566(U) |
| May 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159502/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DAVID B. COHEN**

*Justice*

PART        58

-------------------------------------------------------------------------------X

DANNY RIVERA,

Plaintiff,

- v -

SITE 2 DSA OWNER, LLC,DELANCEY STREET
ASSOCIATES, LLC,BFC PARTNERS DEVELOPMENT,
LLC,L&M DEVELOPMENT PARTNERS, INC, TACONIC
INVESTMENT PARTNERS, LLC,T.G. NICKEL &
ASSOCIATES, LLC,CONSIGLI & ASSOCIATES, LLC

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159502/2020 |
| MOTION DATE | 12/12/2023, 12/12/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 78, 85, 86, 87, 88, 89, 91

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 90

were read on this motion to/for                    JUDGMENT - SUMMARY          .

In this Labor Law action, defendants move, pursuant to CPLR 3212, for summary judgment dismissing the complaint. Plaintiff moves, pursuant to CPLR 3212, for summary judgment against defendants Site 2 DSA Owner, LLC, Delancey Street Associates, LLC (DSA), and T.G. Nickel & Associates, LLC (T.G. Nickel) on the issue of liability under Labor Law § 240(1).

## I.  Factual and Procedural Background

This case arises from an incident on September 17, 2018, in which plaintiff was allegedly injured after a toolbox struck him while working at a construction site located at 115 Delancey Street in Manhattan (the premises), which was owned by defendant Site 2 DSA Owner (NYSCEF Doc No. 58). Plaintiff commenced this action against defendants alleging claims of common-law

159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC
Motion No.  002 003

Page 1 of 8

[* 1]

negligence and violations of Labor Law §§ 200, 240(1), and 241(6) (Doc No. 58). Defendants joined issue by their answer dated December 7, 2020, denying all substantive allegations of wrongdoing and asserting various affirmative defenses (Doc No. 59). Defendants move for summary dismissal of the complaint (Seq. 002) (Doc No. 55), which plaintiff opposes (Doc No. 85). Plaintiff moves for partial summary judgment on his Labor Law § 240(1) claims as against Site 2 DSA Owner, DSA, and T.G. Nickel (Seq. 003) (Doc No. 67), which defendants oppose (Doc No. 80).

## A. Deposition Testimony of Plaintiff (Doc No. 62)

At his deposition, plaintiff testified that, on the day of the incident, he was employed by nonparty Rotavele Elevator Inc. (Rotavele), which was responsible for installing elevators at the premises. He was given instructions only by his supervisors and foreman, who were all employees of Rotavele.

On the date of the incident, plaintiff and four of his coworkers were instructed by their supervisor to load a large toolbox into the bed of a coworker's pickup truck parked on the street near the edge of the premises. The toolbox was approximately four feet high, five feet long, and three feet wide, weighing approximately 400-600 pounds. Normally, the toolbox would be loaded into a larger box truck with a hydraulic lift attached. That process required two people; both would push the toolbox onto the lift and one would then remain on the lift next to the toolbox while the other operated the lift. Plaintiff never loaded a toolbox onto a pickup truck before. When asked about other available lifts, he mentioned hearing from coworkers that T.G. Nickel often provided forklifts or other man lifts, although he never saw such items at the premises.

As plaintiff and his coworkers lifted the toolbox, one of the coworkers lost his grip, which caused the toolbox to shift a few inches. Plaintiff used one of his legs to brace the toolbox for

159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC
Motion No.  002 003

Page 2 of 8

2 of 8

several seconds while his coworker regained his grip. They finished loading the toolbox into the bed of the truck, where it was then strapped down. Plaintiff completed his workday and went home. He only began to feel pain the following morning when he awoke.

## B. Deposition Testimony of Defendants (Doc No. 73)[1]

A site safety manager for T.G. Nickel testified that the premises was owned by DSA, Site 2 DSA Owner, and L&M Development Partners. L&M Development was a parent company for Site 2 DSA and other ownership entities not named in this action, which were created as part of the construction project. Site 2 DSA Owner hired T.G. Nickel to serve as the general contractor and construction manager, with T.G. Nickel responsible for site safety and hiring any subcontractors.[2]

T.G. Nickel then hired Rotavele to install the elevators. Although he had the authority to stop any unsafe work, "means and methods" were left to the discretion of the subcontractors like Rotavele. He was aware that Rotavele had toolboxes at the premises, and there were lifting aids like dollies and carts available, however, he had no recollection of toolboxes being loaded into pickup trucks. He did not witness plaintiff's accident, but he was later informed about what happened.

## C. Affidavit of L&M Development Partners (Doc No. 66)

In his affidavit, an in-house attorney from L&M Development Partners[3] averred that DSA, L&M Development Partners, and defendants BFC Partners Development and Taconic Investment

---

[1] In support of their respective motions, plaintiff and defendants submitted an affidavit from the site safety manager that reiterated the substance of his deposition testimony.

[2] T.G. Nickel was renamed to defendant Consigli & Associates, LLC at some time after the date of plaintiff's accident.

[3] The witness explained that L&M Development Partners no longer operated under that name and was renamed to L+M Development Partners, Inc. at some point in time.

**159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC**
**Motion No.  002 003**

**Page 3 of 8**

3 of 8

Partners, LLC did not own the premises and were not involved in the management of the construction project, only Site 2 DSA Owner owned the premises, along with several other entities not named in this action. He confirmed that T.G. Nickel was hired as the "[c]onstruction [m]anager" and was responsible for ensuring "the overall work was performed in a safe and timely manner." However, he had no familiarity with plaintiff's accident or the construction project work generally.

### D. Contract Between Site 2 DSA Owner and T.G. Nickel (Doc No. 75)

Pursuant to the contract, the scope of work to be performed by T.G. Nickel included, among other things, "all construction management services" and "perform[ing] and furnish[ing] . . . all labor, materials, . . . supplies, equipment, hoisting equipment, services, transportation, [and] supervision . . . ." T.G. Nickel was also responsible for implementing safety procedures and ensuring all subcontractors complied with relevant safety protection requirements.

### E. Contract Between T.G. Nickel and Rotavele (Doc No. 76)

Pursuant to the contract, the scope of work to be performed by Rotavele included providing the material, labor, equipment, and drawings for elevators at the premises.

## II. Legal Analysis and Conclusions

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends that he has made a prima facie showing that Site 2 DSA Owner, DSA, and T.G. Nickel violated Labor Law § 240(1) and such violation caused his injuries because the toolbox should have been lifted with a hoist instead of by hand. Defendants argue in opposition that the motion should be denied on its face because there is a factual dispute about whether plaintiff was actually injured by the toolbox. They assert that it is unclear whether the toolbox or some other lifting activity he performed that day caused his injuries because he finished working

**159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC**
**Motion No.  002 003**

**Page 4 of 8**

4 of 8

[* 4]

and only experienced pain the following morning. They also argue that the statute was not violated because plaintiff's injury did not involve an elevation-related risk.

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). "However, not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240(1)" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). "[T]he mere fact that gravity causes something to fall while being moved[] does not implicate [the statute] if the object, though falling, had not been substantially elevated above the site. The site itself must be elevated above, or positioned below, the area where the object is being secured or hoisted" (*Daley v City of New York Metro. Transp. Auth.*, 277 AD2d 88, 89-90 [1st Dept 2000] [internal citations omitted]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Here, plaintiff's uncontradicted testimony was that the toolbox shifted just a few inches when his coworker lost his grip. That short distance amounts to an insignificant elevation differential, meaning the toolbox was essentially "positioned at the same level as the work site so that there was no fall from an elevated work site" (*Melo v Consolidated Edison Co. of N.Y.*, 246 AD2d 459, 461 [1st Dept 1998] [finding statute inapplicable because plaintiff and steel plate that struck him while being hoisted were at the same elevation]; *see Daley*, 277 AD2d at 90). Therefore, plaintiff fails to make a prima facie showing that the statue was violated because he

159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC
Motion No.  002 003

Page 5 of 8

5 of 8

"was not faced with the special elevation risks contemplated by the statute" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994] [holding statute not violated when plaintiff hit by large steel beam that fell from several inches above his head]; *see Piccinich v New York Stock Exch.*, 257 AD2d 438, 439 [1st Dept 1999] [no statute violation where air conditioner component fell "two to three inches" onto plaintiff's hand because no elevation-related risk]; *cf. Taopanta v 1211 6th Ave. Prop. Owner, LLC.*, 212 AD3d 566, 566-567 [1st Dept 2023] [finding statute violated after plaintiff's finger severed by door that fell while being loaded into truck by hand]).

"In view of [plaintiff's] failure to establish his prima facie entitlement to judgment as a matter of law, there is no need to consider the sufficiency of the opposition papers" (*Zabawa v Sky Mgt. Corp.*, 183 AD3d 430, 431 [1st Dept 2020]).

## B. Defendant's Motion for Summary Dismissal

### 1. Plaintiff's Labor Law § 240(1) Claims

Based on the findings above that plaintiff's injuries were not the result of an elevation-related risk, defendants have made a prima facie showing that the statute was not violated and plaintiff fails to demonstrate that questions of fact exist.

### 2. Plaintiff's Labor Law § 241(6) Claims

In light of plaintiff's failure to address defendants' Labor Law § 241(6) contentions, that branch of defendants' motion for summary dismissal is granted (*see Bustamante v Green Door Realty Corp.*, 69 AD3d 521, 521-522 [1st Dept 2010] [granting branch of defendants' motion to dismiss that plaintiff did not oppose it]).

### 3. Plaintiff's Labor Law § 200 and Common-Law Negligence Claims

159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC
Motion No.  002 003

Page 6 of 8

6 of 8

[* 6]

Defendants contend that they are entitled to summary dismissal of plaintiff's Labor Law § 200 and common-law negligence claims because they have made a prima facie showing that no defendant had sufficient control over the means and methods of plaintiff's work at the premises. Plaintiff maintains in opposition that questions of fact exist regarding whether T.G. Nickel had sufficient control over plaintiff's work based on the testimony from T.G. Nickel's site safety manager and the contract between Site 2 DSA Owner and T.G. Nickel.

"Claims under Labor Law § 200 and under the common law either arise from an alleged defect or dangerous condition existing on the premises or from the manner in which the work was performed" (*Villanueva*, 162 AD3d at 406 [citations omitted]). When, like here, the claim arose from the manner in which plaintiff performed his work, liability may only be imposed if a defendant had sufficient control over the means and methods of the work (*Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 309 [1st Dept 2007]).

Defendants have made a prima facie showing that none of them possessed the requisite control over plaintiff's work. Plaintiff testified that he only received instructions from Rotavele employees and T.G. Nickel's site safety manager testified that the means and methods for performing work were left to the discretion of the subcontractors like Rotavele.

In opposition, plaintiff fails to demonstrate that questions of fact exist. Although T.G. Nickel had the authority to stop work at the premises for safety reasons, that is insufficient to raise a triable question of fact regarding whether it had supervision and control over plaintiff's work (*see Villanueva*, 162 AD3d at 404). Additionally, despite the contractual language that T.G. Nickel would perform work and supervise the project, there is no evidence that T.G. Nickel, or any other defendant, was responsible for the specific manner in which plaintiff performed his work. T.G. Nickel's responsibilities are best described as "general supervisory responsibilities," which are

159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC
Motion No.  002 003

Page 7 of 8

7 of 8

insufficient to impose liability under Labor Law (*see Diaz*, 224 AD3d at 406; *Hughes*, 40 AD3d at 307).

The parties remaining contentions are either without merit or do not need to be addressed given the findings above.

Accordingly, it is hereby:

ORDERED that plaintiff's motion (Seq. 003) for summary judgment against defendants Site 2 DSA Owner, LLC, Delancey Street Associates, LLC, and T.G. Nickel & Associates, LLC on the issue of liability under Labor Law § 240(1) is denied; and it is

ORDERED that the motion by defendants (Seq. 002) for summary judgment dismissing the complaint is granted and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

| 5/2/2024 | | | |
|---|---|---|---|
| **DATE** | | **DAVID B. COHEN, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159502/2020   RIVERA, DANNY vs. SITE 2 DSA OWNER, LLC**
**Motion No.  002 003**

Page 8 of 8

8 of 8